**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RUEBEN AMES,

    Petitioner,

v.                                            CASE NO: 8:04-CV-2775-T-30MAP
                                                Crim. Case No.: 8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent(s).
_____/

## ORDER

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on August 27, 2004, Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #4), and Petitioner's traverse reply to Respondent's response (Dkt. #7). Petitioner challenges the sentence imposed following his 2002 conviction for drug and firearm related charges. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

Petitioner, Rueben Ames (hereinafter referred to as "Ames" or "Petitioner"), was found guilty by a jury on April 11, 2002, of "conspiring to possess five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. §§846, and "knowingly

carrying and possessing a firearm during and in relation to and in furtherance of the drug violations", in violation of 18 U.S.C. §§924( c ).  On July 12, 2002 the Court sentenced Petitioner to 211 months imprisonment and five years supervised release on count one, and sixty months imprisonment on count three to run consecutively to count one.

Petitioner directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit affirmed Petitioner's conviction on December 23, 2003. Petitioner did not seek a writ of certiorari to the United States Supreme Court.

On December 23, 2004, Petitioner timely filed this §2255 petition asserting the following claims for relief:

1. Petitioner is "actually innocent" of the charges alleged, therefore, the ends of justice would require the court to reverse his conviction.

2. The Court erred under Blakely v. Washington by sentencing Petitioner to an exceptional sentencing range of 271 months imprisonment under an unconstitutional guideline regime.

3. Trial counsel's failure to object to the Government's inflammatory remarks in front of a jury that "guns are usually brought to a drug transaction, predicate to such a drug deal" constituted ineffective assistance of counsel.

4. Counsel's abandonment of Petitioner, when he requested counsel to file a writ of certiorari to the U.S. Supreme Court, and counsel's neglect to forward a copy of the Appellate Court's denial of re-hearing en banc, prevented Petitioner from formally appealing to the high court, as a matter of right, pro-se.

**Standard of Review**

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

**I.    Petitioner's "Actual Innocence."**

Petitioner asserts that he is "actually innocent" of the charges alleged, and therefore, the ends of justice would require the court to reverse his conviction. Petitioner's claim is without merit. Petitioner previously raised the identical issue on direct appeal, in which the Eleventh Circuit held that Petitioner had knowledge of the conspiracy and that he knowingly and voluntarily participated in the conspiracy. [1] The Eleventh Circuit affirmed petitioner's conviction and sentence. [2] "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under Section 2255". Hidalgo v. U.S., 138

---

[1] See CR DKT#285 at 20.

[2] See CR DKT#285 at 37.

Fed. Appx. 290, 291 (11th Cir. 2005), citing Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Petitioner's claim of "actual innocence" is therefore procedurally barred.

## II. Application of Sentencing Enhancement by Judge.

Petitioner asserts that his sentence must be vacated on the grounds that he was sentenced under an unconstitutional guideline regime. Petitioner's claim lacks merit.

The Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S. Court. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. Booker at 752-55. A defendant has the right to have the jury find the existence of "any particular fact" that the law makes essential to his punishment. Id. at 749. Under a mandatory guideline scheme, this right is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant. Id. However, petitioner's conviction was final on December, 2003. Booker does not apply retroactively to cases, such as petitioner's, that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Even if Booker were to apply retroactively to Petitioner's case, it would offer no benefit. A party challenging a sentence bears the burden of establishing that the sentence is unreasonable. See U.S. v. Talley, 431 F.3d 784 (11th Cir. 2005). Petitioner, in the instant case, makes no claim nor offers any evidence in his § 2255 Motion to Vacate that would indicate the Court imposed a sentence not solely based on facts reflected in Petitioner's jury verdict or admitted by Petitioner.

**III.     Ineffective Assistance of Counsel.**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. In support of this claim, Petitioner states:

> Trial counsel's failure to object to the government's improper statement as it relates to drug deals, guns, and an accused intent in making such a deal, when he allegedly possesses a gun during an in relation to a drug trafficking crime constituted ineffective assistance of counsel.

Petitioner has not met the burden to establish a prima facie claim of ineffective assistance of counsel. To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential. Id. at 689. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Id.

Petitioner has failed to show that his counsel's performance was below an objective standard or reasonable professional assistance under Strickland. Id. At 694. As Petitioner's claim does not satisfy the first prong of Strickland, it is not necessary for this Court to address the second prong in Strickland. Id.

**IV.     Ineffective Assistance of Appellate Counsel.**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel on appeal because counsel failed to argue the merits of Petitioner's appeal

contentions properly and refused to file a Writ of Certiorari with the United States Supreme Court.  The controlling legal principles under Strickland govern claims of ineffective assistance by appellate counsel. See Duest vs. Singletary, 967 F.2d 472, 477 n.4 (11th Cir. 1992).

To prevail on his claim, Petitioner must show that appellate counsel was objectively unreasonable in not raising the omitted issue. Smith v. Robbins, 528 U.S. 259 (2000). However, appellate counsel who files a merits brief need not raise every nonfrivolous claim. Jones v. Barnes, 463 U.S. 745, 754 (1983). The exercise of judgment involved in framing an appeal make it "difficult to demonstrate that (appellate) counsel was incompetent" under Strickland for omitting a particular argument. Smith v. Robbins, 528 U.S. at 285-286 (citing Gray v. Greer, 800 Fd. 644, 646 (7th Circuit 1986).

To demonstrate prejudice, Petitioner must establish a reasonable probability that but for appellate counsel's alleged error, he would have prevailed on appeal. Smith v. Robbins, 528 U.S. at 286. Petitioner must satisfy both prongs of the Strickland test in order to prevail on his claim of ineffective assistance of appellate counsel. Id. at 289. In the current case, Petitioner has not identified any issues that is attorney failed to raise or any arguments that he failed to make.. Therefore, Petitioner has not shown that but for appellate counsel's alleged error, he would have prevailed on appeal.

In addition, Petitioner contends that his appellate counsel refused his request to file a Writ of Certiorari with the United States Supreme Court. Petitioner states that his appellate

counsel, in a written letter to Petitioner, notified him that "I will not be filing any such Writ of Certiorari on your behalf, as my representation for you has not (sic) expired."

In order for appellate counsel's performance to be considered deficient, appellate counsel's performance must actually cause the forfeiture of the defendant's appeal. Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S.Ct. 1029 (2000). "To show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. Medina v. U.S., 167 Fed. Appx. 128, 135 (11th Cir. 2006) citing Flores-Ortega at 484.

In the current case, Petitioner has presented no evidence as to when appellate counsel denied his request to file a Writ of Certiorari with the United States Supreme Court, i.e., he doesn't state that he made the request before his appeal period expired. And, Petitioner has not provided the Court with a copy of the letter from appellate counsel denying his request so that this Court could attempt to determine whether he was prejudiced. Petitioner has also failed to present any evidence as to why he was unable to secure new counsel, file a pro-se appeal, or file a motion for extension of time to file a Writ of Certiorari. Petitioner has failed to meet the burden under Flores-Ortega and is not entitled to relief.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 7, 2006.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Conformed copies to:</u>
All Counsel/Parties of Record